CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
SEP 14 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEWIS EDWARD MIZE, III, | ) | Civil Action No. 7:11-cv-00284 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN, | ) | By: Hon. Jackson L. Kiser |
|     Respondent. | ) | Senior United States District Judge |

Lewis Edward Mize, III, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that a Virginia trial court lacked jurisdiction to enter his conviction. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's submissions, I dismiss the petition as untimely filed.

I.

The Circuit Court of Campbell County entered petitioner's criminal judgment on March 19, 1997. Petitioner appealed to the Court of Appeals of Virginia, which denied his appeal on November 4, 1997. Petitioner appealed to the Supreme Court of Virginia, which denied his appeal on March 9, 1998, and his petition for a rehearing on April 17, 1998. Petitioner does not claim to have appealed to the Supreme Court of the United States.

Petitioner filed his state habeas petition in March 2011 with the Supreme Court of Virginia, which dismissed the petition on April 28, 2011, as untimely. Petitioner filed the instant petition on May 20, 2011, the date he signed the petition and avers he deposited it in the prison mailing system.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28

U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, No. 09-868, 562 U.S. ___, 2011 U.S. LEXIS 1906, at *27, 2011 WL 767700, at *10 (Mar. 7, 2011) (discussing proceedings that qualify as collateral review). A district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on July 18, 1998, when the time expired for petitioner to petition the Supreme Court of the United States for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of judgment being appealed).

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

Petitioner did not file a federal petition by July 1999. Instead, petitioner filed his state habeas petition in March 2011, more than ten years after his conviction became final. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule).

In response to the court's conditional filing order advising petitioner that his petition appeared to be untimely, petitioner argues that the court should consider his petition timely filed because he believes the state trial court lacked jurisdiction to enter his criminal judgment. To the extent he raises a violation of state law, such a violation is not cognizable in a federal habeas action. See 28 U.S.C. § 2254(a) (stating a federal court may grant habeas relief "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."). Although petitioner can raise a federal due process claim concerning the trial court's lack of jurisdiction, Danforth v. Minnesota, 128 S. Ct. 1029, 1036 (2008), that federal due process claim is still subject to the federal statute of limitations. See, e.g., Gibson v. Klinger, 232 F.3d 799, 803, 808 (10th Cir. 2000) (affirming dismissal of due process habeas claim as time barred). Accordingly, petitioner's federal due process claims must be filed within the statute of limitations, petitioner failed to timely file his claims, and I must dismiss them unless I equitably toll the statute of limitations.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. See Harris, 209 F.3d at

330. Furthermore, I do not find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, I find that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

### III.

For the foregoing reasons, I dismiss the petition as untimely filed, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

**ENTER**: This 14th day of September, 2011.

Senior United States District Judge